UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLEY GASSAWAY,

                Plaintiff,

v.                                                Case No. 12-2769-JTM

JARDEN CORPORATION, et al.

                Defendants.

## **ORDER**

The plaintiff, Coley Gassaway, brings this diversity action against defendant[1], Sunbeam Products, Inc., alleging that defendant's negligent manufacture, design, inspection, testing, and marketing of certain "space heaters" caused a house fire and the deaths of plaintiff's two children. On December 16, 2013, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing on a motion (**ECF doc. 83**) filed by plaintiff, seeking sanctions against defendant under Fed. R. Civ. P. 37 for failing to comply with the court's September 3, 2013 discovery order (ECF doc. 78). Plaintiff appeared through counsel, Jeremiah L. Johnson and Daniel T. DeFeo. Defendant appeared through counsel, David J. O'Connell and Timothy E. Congrove. Kansas Gas Service, LLC, ONEOK Kansas Properties, LLC, and Kansas Gas Service, a Division of ONEOK, Inc. (which are among the named defendants in this case) appeared through

---

[1] As used in this order, "defendant" refers to Sunbeam Products, Inc. Plaintiff also has brought claims against several other parties.

counsel, Karrie J. Clinkinbeard. For the reasons discussed below, plaintiff's motion is denied.

I. Background

This dispute stems from defendant's responses to plaintiff's first set of interrogatories. After several exchanges between counsel, plaintiff filed a motion to compel discovery on July 29, 2013 (ECF doc. 67). In that motion, plaintiff asked the court to strike defendant's objections to the interrogatories, award fees and costs, and impose sanctions against defendant. On September 3, 2013, the court granted plaintiff's motion in part and denied it in part (ECF doc. 78). In doing so, the court deemed waived defendant's "general objections" and its objections to Interrogatory No. 8, overruled defendant's overly broad and/or undue burden objections to Interrogatory Nos. 9 and 11, and ordered defendant to supplement its answers to Interrogatory Nos. 2 and 5. Pursuant to certain conditions, defendant was ordered to supplement its answers to Interrogatory Nos. 3, 6-9, and 11-12.

The court held that an award of fees and expenses was not warranted because both sides were at fault to some degree. Although the court strongly encouraged the parties to cooperate and communicate with each other before involving the court again, plaintiff filed the instant motion for Rule 37 sanctions on October 31, 2013. In her motion, plaintiff challenges defendant's assertion that it does not have certain documents from the time period before its merger with The Holmes Group, Inc.

In 2005, Jarden Corporation (which is among the named defendants in this case) acquired The Holmes Group, Inc.[2] One year later, The Holmes Group, Inc. merged with and into defendant. Before the merger, The Holmes Group, Inc. manufactured the quartz space heater at issue, the Holmes HQH307 ("HQH307"). After the merger, defendant manufactured the HQH307. Plaintiff asserts that her "heaters each contain stamping claiming a 2005 copyright for Jarden Corporation."[3] Defendant asserts it never manufactured space heaters with the "Holmes" trade name before the merger in 2006.[4] Defendant also claims that it has confirmed the subject heater was manufactured in 2008, two years after the merger.[5]

Plaintiff seeks pre-merger documents from The Holmes Group, Inc. relating to the design, manufacturing, testing, and sales of the HQH307 and other similar quartz space heaters. Defendant responds that it has produced responsive information in its possession, custody, and control for the HQH307 and similar quartz model heaters, including all available information dated prior to the merger. Plaintiff is dissatisfied with this response and claims defendant has misled the court and plaintiff by its failure to candidly disclose the unavailability of pre-merger documents in its responses to plaintiff's first set of interrogatories and motion to compel.

---

[2] ECF doc. 83-1 at 2.

[3] ECF doc. 83 at 2.

[4] ECF doc. 83-1 at 2.

[5] ECF doc. 87 at 7.

Plaintiff asks for relief pursuant to Rule 37 for defendant's alleged violation of the court's September 3, 2013 order. Rule 37(b) governs sanctions for failure to comply with an order of the court to provide or permit discovery. The court should diligently apply sanctions under Rule 37 not only to penalize those who have engaged in sanctionable misconduct but also to deter those who might be tempted to such conduct in the absence of such a deterrent.[6] The court is afforded wide discretion in choosing an appropriate sanction.[7]

Rule 37(b) authorizes the court to "issue further just orders" and to impose various sanctions upon a party for failure to comply with an order to provide or permit discovery, including: (1) ordering that designated facts be taken as established; (2) precluding the disobedient party from supporting or opposing matters at issue or introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action; (6) rendering a default judgment against the disobedient party; and (7) treating the failure to obey the discovery order as contempt of court.[8]

---

[6] *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (citing *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)).

[7] *Cardenas v. Dorel Juvenile Group, Inc.*, No. 04-2478, 2006 WL 1537394, at *5 (D. Kan. June 1, 2006) (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).

[8] Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Oddly, in her motion plaintiff did not specify which relief under Rule 37 she was seeking. Rather, she asked the court to sanction defendant and order defendant to "supplement its Interrogatory Answers and provide an accounting of Sunbeam's claimed unavailable documents and information." In essence, plaintiff's motion appeared to be a motion to compel defendant to supplement its responses to plaintiff's first set of interrogatories as ordered by the court's September 3, 2013 order.

Because defendant's supplemental answers were served on September 16, 2013, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 had to be filed within 30 days of service of the response,[9] or October 16, 2013. To the extent plaintiff seeks to compel defendant to supplement its answers to her first set of interrogatories, such a motion is untimely because the instant motion was filed on October 31, 2013. Without good cause shown, the court will construe and address plaintiff's motion as a motion for sanctions only.

At the hearing, the court pressed plaintiff to articulate what specific relief she is seeking. Upon extended inquiry, plaintiff finally asked for the following: 1) additional time to disclose experts; 2) issue preclusion of certain affirmative defenses[10]; and 3) relief from the duty to lay certain foundations because of the alleged tardiness and incompleteness of defendant's production. As explained by the court on the record

---

[9] *See* D. Kan. R. 37.1(b).

[10] Specifically, defendant's affirmative defenses listed in paragraphs 1, 2, 5, 11, 12, 15, 18, 20, 23, and 27 of defendant's answer to plaintiff's complaint. *See* ECF doc. 52.

O:\ORDERS\12-2769-JTM-83.docx

5

during the hearing, without a strong factual basis by plaintiff or citation to *any* legal authority, the court will only consider plaintiff's request to extend the expert disclosure deadline.

## II. Analysis

First, plaintiff argues defendant is not in compliance with the court's September 3, 2013 order because of its "previously unasserted theory that certain documents and information from The Holmes Group, Inc. are not available."[11] Plaintiff asserts that defendant's theory that pre-merger documents are unavailable should be deemed waived because it was not asserted in defendant's answer to plaintiff's interrogatories or in response to the motion to compel. Plaintiff explains that most of defendant's supplemental answers to plaintiff's first interrogatories were limited by defendant's failure to produce pre-merger documents, which are crucial to its claims. Plaintiff claims defendant has misled the court by being "less than candid" as to the completeness of its answers and asserts that defendant has not taken the appropriate steps to find the unavailable documents.

Defendant responds that plaintiff's motion should be denied because defendant has provided all available information in its possession, custody, and control.[12] Defendant asserts that it has always been candid with plaintiff that pre-merger documentation may

---

[11] ECF doc. 83 at 1.

[12] ECF doc. 87.

be limited. For example, on August 21, 2013, defendant reminded plaintiff of its 2006 merger with The Holmes Group, Inc. and the possibility that certain pre-merger documents may be unavailable to defendant. In addition, defendant provided plaintiff with the contact information for the Vice President and Associate General Counsel of The Holmes Group, Inc. immediately prior to the merger so plaintiff could "fully investigate her concerns over pre-merger records and information" unavailable to defendant.[13] Regardless, defendant asserts the unavailability of certain documents is not a violation of the court's discovery order or grounds for sanction.

The court tends to agree with defendant—defendant cannot produce documents that are not in its possession, custody, or control. Defendant does not appear to be in violation of the court's discovery order by failing to disclose *unavailable* documents. However, plaintiff notes that defendant has not stated what *efforts* it has taken to locate and provide the missing documents and information, i.e., a "certification outlining what steps it took in its search for responsive documents, what documents it believes are missing, or what steps Sunbeam should or will take to find responsive documents."[14] But the court is unaware of any obligation defendant has to provide detailed information about each step taken to locate this information. And plaintiff fails to provide any legal authority to show defendant is under such an obligation. If plaintiff did not request

---

[13] *Id.* at 6.

[14] ECF doc. 95 at 6.

copies of defendant's "retention policies for Sunbeam, Holmes, the Merger, or the purchase of Sunbeam or Holmes" in its discovery requests, defendant is not required to produce such documents.[15] Defendant certainly is not subject to sanctions for failure to produce documents not asked for in defendant's discovery requests. Additionally, plaintiff does not explain why she has not used the contacts provided by defendant in an effort to locate the missing information. If plaintiff had taken half the time she has spent drafting briefs in support of her motion for sanctions, perhaps she could have made headway in actually locating the missing documents.

The court does understand plaintiff's frustration with the unavailability of these "crucial" documents. But, the court does not understand how or why "[s]anctions are the only method remaining to enforce discovery."[16] The steps already taken by defendant to locate responsive documents and its continued effort to work with plaintiff and supplement its production, if possible, appear to be sufficient. The court does not see what more defendant can do to satisfy its discovery obligations at this point. In consideration of the foregoing, plaintiff's motion for sanctions is denied.

Under Fed. R. Civ. P. 37(a)(5), the district court ordinarily must order a party to pay the opposing party's reasonable expenses, including attorney fees incurred in filing or *opposing* a discovery motion, if the opposing party's discovery motion is granted, the

---

[15] *Id.* at 3.

[16] *Id.* at 7.

party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied. As stated in the 1970 Advisory Committee's note to Rule 37(a)(4):

> [T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.[17]

As earlier indicated, when ruling on plaintiff's initial motion to compel, the court strongly encouraged the parties to communicate and cooperate with each other before involving the court again.[18] Yet plaintiff seems even more eager than before to involve the court in this drawn-out discovery "dispute." Plaintiff has filed a 19-page motion for sanctions with 69 pages of exhibits attached (ECF doc. 83), a 17-page reply brief with 227 pages of exhibits attached (ECF doc. 95), and moved for a hearing so she may "provide the Court with any copies of discovery the Court wishes to review and to provide the Court with recently obtained information not included in Plaintiff's Reply" (ECF doc. 97). Plaintiff filed these briefs in an effort to demand information not in defendant's possession, custody, or control and to insist on receiving documents it did not ask for in its discovery requests. In this instance, as before, the court will give plaintiff the benefit of the doubt and not impose sanctions. But this court's patience is not infinite. In the future, the court will not hesitate to impose sanctions on anyone who engages in

---

[17] *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012).

[18] *See* ECF doc. 78 at 28.

O:\ORDERS\12-2769-JTM-83.docx

9

conduct that causes unnecessary delay or needless increase in the costs of litigation, including frivolous discovery motions.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for sanctions **(ECF doc. 83)** is denied.

2. Because defendant does not oppose an extension of plaintiff's expert disclosure deadline, the **December 20, 2013** expert disclosure deadline is hereby vacated.

3. The parties shall file a *joint* motion by **January 6, 2014**, outlining a single view regarding extended deadlines for expert witness disclosures, discovery, the pretrial conference, dispositive motions, and the trial. In the hopefully unlikely event the parties cannot come to an agreement on an amended schedule, they shall still submit a *single* document with their proposed schedules. Upon receipt, the court will enter an amended scheduling order.

IT IS SO ORDERED.

Dated December 19, 2013, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\12-2769-JTM-83.docx

10