UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLEY GASSAWAY,

        Plaintiff,

                              Case No.   12-2769-JPO

v.

JARDEN CORPORTATION, et al.,

        Defendants.

**ORDER AND JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT
AND APPORTIONING SETTLEMENT PROCEEDS**

On May 30, 2014, the undersigned U.S. Magistrate Judge, James P. O'Hara, with the consent of all parties (*see* ECF docs. 118 and 123), conducted a hearing on the oral application of the plaintiff, Coley Gassaway, for approval of a wrongful death settlement and for apportionment of settlement proceeds.  Based on the evidence and arguments presented, the court makes the following findings:

1.      Plaintiff filed this case under the Kansas wrongful death statute, K.S.A. 60-1901 and K.S.A. 60-1902, for the alleged wrongful death of her two very young minor children, Jaliyah Brashears and Dataveion Brashears, during a house fire on January 13, 2010 in Kansas City, Kansas.

2.      Plaintiff is the surviving natural mother of Jaliyah Brashears and Dataveion Brashears.  Ollie E. Brashears, III is their surviving natural father.  There is no evidence either child was ever adopted by anyone else.  Accordingly, the court finds under Kansas law that plaintiff and Ollie E. Brashears, III, who never

married each other, are the only heirs of Jaliyah Brashears and Dataveion Brashears entitled to any portion of the settlement proceeds.

3.     Notice of the May 30, 2014-hearing was duly provided to plaintiff, Ollie E. Brashears, III, and counsel for all of the defendants of record, namely, Jarden Corporation, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, Wal-Mart Stores, Inc., Clyde Yost, Yost Enterprises, National Property Inspections of Kansas, and Kansas Gas Service, a division of ONEOK, Inc.  All parties participated in the hearing through counsel.  Both heirs provided sworn testimony, as did several of their relatives.  None of the defendants took a position with regard to how the settlement proceeds should be apportioned between plaintiff and Ollie E. Brashears, III.

4.     Plaintiff entered into a written contract to employ The Law Offices of Jeremiah Johnson, LLC and The DeFeo Law Firm, L.L.C., to prosecute this wrongful death case.  The attorneys investigated the law and facts pertinent to the case and have advised the case be settled on the terms set forth in this order.

5.     Defendants have denied and continue to deny any liability to plaintiff in this case.  Some defendants have agreed to pay $125,200.00 to settle the case, in consideration of which all defendants are to be dismissed, with prejudice, as stated more fully in the parties' written settlement and release agreement.

6.     Plaintiff believes the settlement with defendants is fair and reasonable and has asked the court to approve the settlement.  Plaintiff and her attorneys also have requested the court approve the payment to counsel of $47,015.16 for out-of-pocket suit expenses they've advanced on plaintiff's behalf, and $31,193.81 as a compromised 40%

2

contingent attorneys' fee, to be paid out of the gross settlement proceeds before any apportionment between the  heirs, per plaintiff's fee agreement and as more specifically set forth in the "Allocation of Settlement Proceeds" filed with the court several days after the hearing (*see* ECF doc. 126) (a draft of the allocation was discussed during the hearing).  This would leave $46,991.03 in net settlement proceeds to be apportioned between the heirs.

7.     Plaintiff waived her right to a jury trial on all issues.

8.     Subject to the approval of the court and pursuant to Kansas law, plaintiff has agreed to release all claims that have been or could be asserted against defendants, and to dismiss, with prejudice, all defendants in this case.

9.     After plaintiff reached the proposed settlement with defendants, the court granted Ollie E. Brashears, III's motion to intervene in this case, without opposition by plaintiff or any of the defendants (*see* ECF docs. 120 and 121).  Ollie E. Brashears, III is represented by counsel (*see* ECF docs. 124).  During the hearing, Ollie E. Brashears, III testified that the court should award him a 30% share of the net settlement proceeds. Plaintiff's counsel, however, suggested during closing argument that Ollie E. Brashears, III should get *nothing*, and in any event no more than 5% of the net settlement proceeds.

10.     All witnesses who testified at the hearing, including Ollie E. Brashears, III, agreed on two things.  First, plaintiff was the primary care-giver and residential custodian of the deceased children.  And second, Ollie E. Brashears, III loved both of the deceased children.  Beyond that, though, there was very little agreement.  Plaintiff (and several

members of her family) testified in varying degrees that Ollie E. Brashears, III was an immature, lazy, and disengaged parent who had little apparent interest in doing the nitty gritty work of raising the children, and who sporadically paid child support, and even then only in nominal cash amounts. Ollie E. Brashears, III (and his grandmother) testified that he regularly and frequently exercised visitation with the children, and that he paid substantial child support whenever he was employed and able to do so. Notably, neither parent could provide the court with any reliable child support payment records to corroborate their view of things. Plaintiff and Ollie E. Brahsears, III are no longer romantically involved and indeed don't appear to like each other much at this point. In any event, having had the opportunity to observe the demeanor of all these witnesses while testifying and to assess their relative credibility, it appears to the court that both sides–who have obvious pecuniary interests–probably have embellished more than a little bit. Simply put, other than plaintiff's undisputed status as primary care giver and residential custodian, the record is such that the court is unable to find that either parent can credibly claim the high moral ground in terms of their relationship with the deceased children.

So, after considering the parties' positions regarding settlement, the relationship of the heirs to the children, and the loss to the heirs pursuant to K.S.A. 60-1904 and K.S.A. 60-1905, the court orders:

(a)    The findings set forth above are incorporated by reference.

(b)    Plaintiff's settlement with defendants is found to be fair, just, and reasonable, given the potentially recoverable damages and the significant liability hurdles

plaintiff would have to overcome if this case were tried.  The settlement is in the best interests of plaintiff, not only individually but also on behalf of both heirs.   Therefore, the settlement is approved.

(c)     The net settlement proceeds of $46,991.03 (i.e., after payment of $47,015.16 in out-of-pocket expenses and $31,193.81 in attorneys' fees out of the gross settlement recovery of $125,200.00), shall be divided as follows:

- 80% (i.e., $37,592.82) to Coley Gassaway; and

- 20% (i.e., $9,398.21) to Ollie E. Brashears, III.

(d)     Plaintiff shall execute a release in favor of defendants, releasing them from all claims, actions, suits, and liability arising from, connected with, or in any way related to the deaths of Jaliyah Brashears and Dataveion Brashears.

(e)     All defendants in this case are hereby dismissed, with prejudice.  This dismissal also includes all claims that could have been brought by Ollie E. Brashears, III.

(f)     If not done already, plaintiff and her counsel shall collect payment of the settlement funds from defendants and distribute the proceeds in accordance with this order.

(g)     Plaintiff and her counsel shall promptly file a satisfaction of judgment with the court once the settlement proceeds have distributed consistent with this order.

Dated June 10, 2014, at Kansas City, Kansas.


   s/ James P. O'Hara          
James P. O'Hara
U.S. Magistrate Judge